UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| v. § | No. 1:23-CR-00218-RP |
| § | |
| **(6) STEVEN NARCISO TREJO,** § | |
| *Defendant* § | |

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, namely, Defendant's participation in an extensive drug-trafficking conspiracy;

- the weight of the evidence against the person, including evidence obtained from surveillance and wiretaps establishing Defendant's involvement as a source of cocaine to other individuals within the conspiracy;

- the history and characteristics of the person, including his history of cocaine and marijuana abuse, his criminal history (including arrests and convictions involving burglary, assaultive conduct, and illegal use of

firearms), his conduct leading up to and at the time of his arrest indicating he is a risk of flight, his history of failing to abide by conditions of supervision or release, including the fact that he was serving a term of state probation at the time of his arrest and during the conduct for which he is presently charged;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, particularly the history of violence and illegal firearm use, and evidence of his willingness to participate in drug trafficking involving large amounts of cash and distribution of cocaine in the kilograms; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED March 25, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE